## ANDERSON NOBLE v. STATE.

No. A-8265.   Jan. 2, 1932.
(6 Pac. [2d] 840.)

Walter Benson, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of murder and sentenced to death.   Motion for a new trial was filed, considered, overruled and exceptions saved.

The testimony discloses that on the 19th day of December, 1930, in Oklahoma county, the defendant went to the home of his divorced wife, Carrie Noble, knocked on the door, and no one answered, and by breaking the lock or pushing it open entered the house; when he went into the house, his divorced wife was in the living room; the wife states that the defendant forced her into a room where Ellis Grayson was sleeping, and knocked her down. They had some argument about opening a trunk, the defendant contending he had some things in the trunk he wanted to get. Defendant pushed her across the room and into a room where Pearl Edwards was, and again struck her and knocked her down. They went back into the room where Ellis Grayson was sleeping, and were still quarreling over the trunk, and defendant wanted to know where the man was she had been keeping company with, using vile language without naming any one. About this time Edward Jackson, the deceased, came into the house and walked into the room where the defendant and his divorced wife, Carrie Noble, were, and walked up toward the defendant and Carrie Noble. The defendant told the deceased to stop. The testimony further discloses on the part of the state that the deceased kept coming toward the defendant; that deceased had on an overcoat, and his hands were out of his pockets, and he did not have a pistol in his hands. The defendant shot the deceased, and deceased ran out the door and went away. The defendant then took Carrie Noble to his car, got in the car, and drove to the country, where in the early morning of the night of the killing he was arrested and returned to the city.

The defendant admits going to the home of his divorced wife; says he did not break open the door, but that it could be opened by pulling up on the door, and ad-

mits he slapped his former wife; that at the time they were quarreling over the trunk Edward Jackson came in with a pistol in his hand and wanted to know what the defendant was doing there. The defendant says he told Jackson to stop, and he kept coming toward him, and he fell back against the wall and fired the shot believing that, when he shot Jackson, it was necessary to save himself from great bodily harm, or losing his life. When the shot was fired by him, Jackson was coming toward him with a pistol.

There are some minor conflicts in the testimony as to what took place in the room; the former wife of the defendant and Ellis Grayson were the only ones in the room when the shot was fired or knew anything what took place. After the deceased had been taken to the hospital, he was undressed, and the testimony shows he did not have a gun on his person. This was some time after the shooting and after the deceased had left the house and gone down the street where he was picked up by some of his friends.

All of the testimony tends to show that the defendant in this case, although divorced from Carrie Noble, objected to the deceased, Edward Jackson, being with her. The circumstances and all the evidence tend to show that Jackson was somewhere around the place when the defendant went into the room with Carrie Noble, and, when the deceased advanced toward the defendant to resist the defendant in his efforts to abuse Carrie Noble, the defendant in his anger and excitement shot the deceased.

There is sufficient testimony in the record to warrant the jury in finding a verdict of guilty. The defendant urges that the punishment inflicted is too severe and is

not warranted by the evidence in this case. After a careful analysis of the testimony, we hold that the punishment inflicted is excessive, and should be modified from death to life imprisonment, and, as modified, the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.